**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MARYLAND CASUALTY COMPANY,**<br><br>    **Plaintiff,**<br><br>vs.<br><br>**AVALON MANAGEMENT, LLC,** *et al.*,<br><br>    **Defendants.** | Case No.: 11-CV-5640 YGR<br><br>**ORDER DENYING MOTION TO STRIKE IMPROPER OBJECTIONS AND/OR ENTER JUDGMENT IN ACCORDANCE WITH STIPULATION** |

Plaintiff Maryland Casualty Company ("Maryland") filed a Stipulation to Vacate Entry of Default and To Enter Judgment As Between Plaintiff and Defendant Avalon Management, LLC, Only. (Dkt. No. 53.) The stipulation seeks to vacate the default entered against Defendant Avalon Management, LLC ("Avalon") and to enter a judgment in favor of Maryland Casualty on its claim for rescission, effectively reforming the policy to limit its coverage, with retroactive effect. Defendants Tiburon Hospitality LLC, Tiburon Capital LLC, Tiburon Barstow LLC, Accor Franchising North America, LLC, Accor Limited Partnership, and Accor Management LLC, (collectively, "Tiburon"), as well as Intervenor Sequoia Insurance Company ("Sequoia"), filed objections to the stipulation and proposed entry of partial judgment, arguing that the proposed reformation would change the scope of coverage in a manner that would prejudice their rights as third parties and additional insureds. (Dkt No. 54.)

The Court, on October 18, 2012, issued an order directing the parties to submit briefs concerning propriety of entering a partial judgment and the effect a partial judgment on the remaining claims and parties to the action. (Dkt. No. 57.) In response, Maryland filed its Motion to Strike Improper Objections And/Or Enter Judgment In Accordance With Stipulation Between

Maryland Casualty and Avalon Management, LLC ("Avalon") To Vacate Entry of Default and Enter Judgment as between Maryland and Avalon. (Dkt. No. 59, "Motion.") Tiburon and Sequoia filed an opposition to the Motion on November 21, 2012. (Dkt. No. 65.)

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court **DENIES** the Motion.

Under Rule 54(b) of the Federal Rules of Civil Procedure, a court may direct entry of a final judgment as to less than all claims or all parties upon an express finding that "there is no just reason for delay." Requests for entry of such a partial judgment are not granted routinely, and are not favored when the legal and factual issues with respect to multiple parties or claims are interrelated or a partial judgment could result in duplicative proceedings. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878-79 (9th Cir. 2005).

The Court finds this to be an inappropriate case for entry of a partial judgment. The claims in the complaint against the Tiburon defendants and defaulted defendant Avalon are factually and legally interrelated. Entry of judgment between Maryland and Avalon only, pursuant to stipulation on the terms proposed, would affect the other parties' claims concerning their rights and obligations. Moreover, it appears that Maryland is seeking to change the terms of a contract in a manner that may prejudice the rights of the other defendants. Reformation of a contract, under California Civil Code section 3399, reformation of a contract on account of fraud or mutual mistake may be had only "so far as it can be done without prejudice to rights acquired by third persons." Cal. Civ. § 3399; *see also Schools Excess Liab. Fund v. Westchester Fire Ins. Co.*, 117 Cal. App. 4th 1275, 1284 (2004) ("where the parties attempt reformation years after the policy was executed and only after the adverse impact to third parties is apparent. . . they are not free merely to decide between themselves that something other than their clear written provision was their initial intent.") Although Maryland contends that Tiburon is not an additional insured on the subject policy, that fact is disputed by Tiburon and Sequoia. Reformation is an equitable remedy and the Court must "look at the whole picture in deciding if there was [a] mutual mistake that permits reformation." *Schools Excess Liab. Fund*, 117 Cal. App. 4th at 1284 (reversing summary judgment where there

were triable issues of fact as to whether insurer and insured could agree to reform endorsement on insurance policy when such reformation would affect the rights of third parties).

Accordingly, the Motion is **DENIED**.[1]  This Order terminates Docket Nos. 53 and 59.

**IT IS SO ORDERED**.

Date: January 29, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Maryland argues that counsel for Tiburon and Sequoia formerly represented Avalon and therefore has a conflict of interest that should preclude those parties from objecting.  Counsel for Tiburon and Sequoia disputes this.  Based upon its review of the allegations and circumstances here, the Court's decision regarding entry of partial judgment would be the same regardless of any objection.

3